**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| JUAN SEGHELMEBLE, 01701217, )<br>　　　　Petitioner, )<br>　　　　　　　　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　　　　　　　　)　　　No. 3:14-CV-4377-B<br>　　　　　　　　　　　　　　　　　　　　　　　)<br>WILLIAM STEPHENS, Director, TDCJ-CID, )<br>　　　　Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636 (b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I.    Procedural background**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). He filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent William Stephens is Director of the TDCJ-CID.

On February 24, 2011, Petitioner was convicted of murder and sentenced to life in prison. *State of Texas v. Juan Seghelmeble*, No. F-0845417-J (Crim. Dist. Ct. No. 3, Dallas County, Tex., Feb. 24, 2011). On October 30, 2012, the Fifth District Court of Appeals affirmed Petitioner's conviction and sentence. *Seghelmeble v. State*, No. 05-11-00300-CR (Tex. App.– Dallas, 2012, pet. ref'd). On May 15, 2013, the Court of Criminal Appeals denied the State's

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 1**

petition for discretionary review. PDR No. 253-13 (Tex. Crim. App. 2013). Petitioner did not file a petition for discretionary review.

On October 16, 2013, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Seghelmeble*, Application No. 80,100-01. On October 1, 2014, the Texas Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On December 12, 2014, Petitioner filed this federal petition for writ of habeas corpus. On March 22, 2015, Petitioner filed an amended petition. He argues:

(1) He received ineffective assistance of counsel when counsel failed to raise an insanity defense;

(2) He received ineffective assistance of counsel when counsel failed to advise or inform him about the case, failed to be on his side, collaborated with the court and believed he was competent;

(3) He was incompetent to stand trial; and

(4) He was denied the right to testify.

On July 30, 2015, Respondent filed his response. Petitioner did not file a reply. The Court now finds the petition should be denied.

## II.   Factual Background

The following factual background is taken from the State's brief on appeal.

> Seghelmeble used a knife to stab and cut Gladys Reyes thirty-three times, in front of several witnesses, as Reyes was walking along Coit Road near Belt Line Road in Richardson. Reyes died at the scene as a result. Seghelmeble was detained at the scene by concerned citizens until the police arrived.

>The only reason or motive for the killing was that offered by Seghelmeble to the police after his arrest. A videotape of the interrogation depicted Seghelmeble claiming that he had mistakenly thought Reyes was his ex-wife, whom he was angry with because he thought she had cheated on him by having a relationship with his brother. He also explained vaguely that he had come to believe his ex-wife and his brother had been trying to kill him. There was, however, no explanation for why Seghelmeble thought Reyes was his former wife and he ultimately admitted that he came to recognize the mistake during the course of the murder. Seghelmeble had contemporaneously identified the victim as being his wife to one of the eyewitnesses.

(State's Appellate Brief at 2.)

Additionally, Petitioner's competency was an issue at trial. The following factual background is taken from the State appellate decision.

>In October 2008, appellant was indicted for the murder of Gladys Reyes. The trial judge held a competency hearing in November 2008, found that appellant was not competent to stand trial, and orally ordered that appellant be committed to a state hospital for up to 120 days. The judge held another competency hearing in July 2009. Dr. Michael Pittman testified at that hearing that appellant suffers from chronic paranoid schizophrenia, that appellant was not competent to stand trial, and that Dr. Pittman did not believe appellant would become competent to stand trial in the foreseeable future. The judge orally found that appellant was not competent to stand trial and ordered that he be committed to a state hospital for up to 12 months. After another hearing in April 2010, the judge again orally ordered that appellant be committed to a state hospital for up to 12 months.
>
>On February 14, 2011, the trial judge signed an order in which she determined that appellant was competent to stand trial. That same day, a jury was selected, and appellant pleaded guilty. The jury proceeded to find appellant guilty. The judge instructed the jury to return the next day for the punishment phase of the trial. The next morning, outside the presence of the jury, Dr. Pittman appeared and testified that he had spoken to appellant that morning, and that in his opinion appellant was not competent to stand trial. The State orally moved to continue the case so that another doctor could be found to evaluate appellant. Appellant's counsel opposed the motion and moved for a mistrial on the basis of appellant's current incompetency. The judge granted a 24-hour continuance. The next day, February 16, the judge held a hearing outside the presence of the jury, and the State called Dr. Kristi Compton to testify. Dr. Compton testified that she had evaluated appellant the previous afternoon, and she opined that he was competent to stand trial. After Dr. Compton's testimony, appellant's counsel again moved for a mistrial. The trial judge granted the motion and dismissed the jury.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 3**

> On February 18, the trial judge conducted a jury trial on appellant's competency. Dr. Pittman and Dr. Compton testified at the competency trial. The jury found that appellant was competent to stand trial. A few days later, on February 22, appellant filed a motion for continuance in which his attorney averred that she continued to have concerns about appellant's ability to remain competent throughout the trial. She also stated that appellant's expert witness would be available to testify only on February 24. The trial judge denied the motion for continuance and called the case for trial that same day, February 22. Appellant pleaded not guilty. The jury found appellant guilty. The issue of punishment was tried to the court, and the judge sentenced appellant to life in prison.

(*Seghelmeble v. State*, No. 05-11-00300-CR at 1-3.)

### III.   Discussion

####   A.  Procedural Bar

Respondent argues that Petitioner's Claim 3 (he received ineffective assistance of counsel because counsel failed to advise him about the case, failed to be on his side, collaborated with the court, and believed he was competent), and Claim 4 (he was denied the right to testify at trial) are procedurally barred because Petitioner did not raise these claims in his PDR or in his state habeas petition.

A federal court will ordinarily not review a claim where a petitioner has not presented his claim to the highest court of the state and the state court to which he would be required to present his claims would now find the claim procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 729-31 (1991).

The record reflects that in his state habeas petition, Petitioner raised the claim that he received ineffective assistance of counsel when counsel failed to advise him about his case. (*Ex parte Seghelmeble* at 8.) This claim is therefore not procedurally barred. Petitioner, however, did fail to raise his remaining allegations in Claim 3 and his allegations in Claim 4 in state court.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 4**

Accordingly, the Texas Court of Criminal Appeals has not reviewed the claims. If this Court were to require Petitioner to return to state court to exhaust these claims, they would be subject to dismissal.

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750). Petitioner has shown no cause for his failure to present these claims to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* (citing *Schlup*, 513 U.S. at 327). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on these claims.

Likewise, Respondent argues Petitioner's Claim 2 (he was incompetent to stand trial) is procedurally barred from federal review because the state court's denial of this claims was based on a procedural bar. When the last state court to review a claim clearly and expressly states that its judgment rests on a procedural bar, the procedural default doctrine generally bars federal review. *Coleman*, 501 U.S. at 729-31; *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995).

In this case, the state habeas court found that Petitioner' claim that he was incompetent to stand trial was procedurally barred because he raised the claim on appeal and he was not allowed to relitigate the claim. (*Ex parte Seghelmeble* at 45.)

Petitioner has failed to overcome the procedural bar by showing: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider his claims will result in a fundamental miscarriage of justice. Accordingly, the procedural default doctrine bars federal habeas relief on this claim.

**B.    Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254, provide:

(d)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

  (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

  (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C.A. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *See Williams*, 529 U.S. at 307.

C.     **Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different

outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

**(1)   Failure to Advise**

Petitioner claims his counsel was ineffective because counsel failed to inform him of the possible outcome of trial or what he was facing at trial. Petitioner fails to state what specifically his counsel failed to inform him, and how that information would likely have changed the outcome of his case. Petitioner's claim is conclusory and should be denied. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

**(2)   Insanity Defense**

Petitioner claims his counsel was ineffective for failing to raise an insanity defense. On state habeas review, defense counsel submitted an affidavit in which she stated she retained expert Dr. Lisa Clayton to examine Petitioner. (*Ex parte Seghelmeble* at 48.) Defense counsel stated that after Dr. Clayton examined Petitioner, Dr. Clayton informed counsel she would not be able to testify that Petitioner was insane at the time of the offense. (*Id*.) Petitioner has also submitted no evidence that he was legally insane at the time of the offense. This claim should be denied.

**D.   Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not

contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## IV. Recommendation

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice.

Signed this 19th day of April, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 10**